FILED
CLERK, U.S. DISTRICT COURT

DEC 11 2012

CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID BOYD,<br><br>Defendant. | CASE NO. CV 12-9745 UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court remands this unlawful detainer action to state court summarily because defendant David Boyd ("Defendant") removed it improperly.

On November 15, 2012, Defendant, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, Plaintiff could not have brought this action in federal court in the first place, and Defendant does not competently allege facts supplying either diversity or federal-question jurisdiction. Therefore, removal is improper. 28 U.S.C.

1 § 1441(a); *see Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.
2 Ct. 2611, 162 L. Ed. 2d 502 (2005). Even if complete diversity of citizenship exists,
3 the amount in controversy does not exceed the diversity-jurisdiction threshold of
4 $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful-detainer
5 complaint recites that the amount in controversy does not exceed $10,000. Nor does
6 Plaintiff's unlawful detainer action raise any federal legal question. *See* 28 U.S.C.
7 §§ 1331, 1441(b).

8     Defendant is further notified and warned that any subsequent attempts to
9 remove the underlying state unlawful detainer action to this Court will be improper
10 and will constitute vexatious conduct that the Court will address by way of punitive
11 remedial measures, which may include having Defendant designated as a vexatious
12 litigant and barred from commencing any further removal actions with respect to the
13 underlying state unlawful detainer action.

14     Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the
15 Superior Court of California, County of Los Angeles, for lack of subject matter
16 jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the clerk send a certified copy
17 of this Order to the state court; and (3) that the clerk serve copies of this Order on the
18 parties.

20     IT IS SO ORDERED.

22 DATED: 12/11/12

                                            GEORGE KING
                                            CHIEF JUDGE